CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 2 1 2005

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY )<br>)<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ONE STOP CELLULAR, INC., )<br>Serve: Charles T. Fulp )<br>    Registered Agent )<br>    216 Collins Drive )<br>    Danville, VA 24540 )<br>)<br>and )<br>)<br>KENNETH NEWCOMB )<br>Serve: 845 Eggleston Falls Road )<br>    Ridgeway, VA  24148 (Henry County) )<br>and )<br>)<br>AMBER SALZMAN )<br>Serve: 409 Kevinmeade Drive )<br>Midlothian, VA 23114 (Chesterfield County) )<br>)<br>Defendants. ) | Case No. 4:05CV00067 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now State Farm Fire and Casualty Company ("State Farm"), by counsel, pursuant to the Declaratory Judgment Act, 28 U.S.C. sections 2201 *et seq.*, and for its Complaint for Declaratory Judgment states as follows:

### JURISDICTION

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. section 1332 as complete diversity exists between the plaintiff and each defendant and the amount in

controversy exceeds $75,000, exclusive of interest and costs. State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois. Defendants Amber Salzman ("Salzman") and Kenneth Newcomb ("Newcomb") are citizens of the Commonwealth of Virginia. Defendant One Stop Cellular, Inc. ("One Stop") is a Virginia corporation with its principal place of business in Danville, Virginia.

## VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. section 1391.

## FACTS

### The Parties

3. State Farm is an Illinois Corporation with its principal place of business located in Bloomington, Illinois. State Farm is licensed to do business as an insurance company and is doing business in the Commonwealth of Virginia.

4. Salzman is a resident of Chesterfield County, Virginia.

5. Newcomb is a resident of Henry County, Virginia and regularly conducts his affairs or business in the City of Danville and in Chesterfield County, Virginia. At all relevant times, Newcomb was an employee, agent and vice president of sales of One Stop Cellular, Inc.

6. One Stop is a Virginia Corporation with its principal place of business in the City of Danville, Virginia.

### The Underlying Lawsuit

7. In September, 2005, Salzman filed an action against One Stop and Newcomb in the Circuit Court of Chesterfield County, Virginia, alleging, among other things, claims of assault, intentional infliction of emotional distress and "willful and wanton

conduct" against Newcomb and One Stop, and a claim of "negligent retention" against One Stop. A copy of the Motion for Judgment setting forth the allegations and theories of recovery is attached hereto as a Exhibit A.

8. Salzman's Motion for Judgment is based upon alleged activity on the part of Newcomb and One Stop that began shortly after Salzman's employment with One Stop on November 26, 2004.

9. The causes of action Salzman alleges against Newcomb in her Motion for Judgment are based upon allegations of intentional and willful conduct on the part of Newcomb.

10. The causes of action Salzman alleges against One Stop are based upon its alleged failure to supervise and/or discipline Newcomb as an employee, its alleged negligent retention of Newcomb as an employee, and its alleged ratification and approval of Newcomb's acts as its employee.

11. All of the causes of action alleged in Salzman's Motion for Judgment arise from and pertain to actions committed with respect to One Stop's employment of Newcomb and Salzman.

### The Policies of Insurance

12. On or about April 21, 2004 State Farm issued a Business Policy, number 96-CB-7484-8, (hereinafter referred to as "Business Policy I"), naming One Stop as the insured. A copy of Business Policy I is attached hereto as Exhibit B, the terms and provisions of which are hereby incorporated by reference.

13. By its terms, Business Policy I expired and was renewed on April 21, 2005, to provide coverage through April 21, 2006 (the renewal policy is hereinafter referred to

as "Business Policy II"). A copy of Business Policy II is attached hereto as Exhibit C, the terms and provisions of which are hereby incorporated by reference.

14. On or about November 4, 2004 State Farm issued a Commercial Umbrella Policy, number 96-KV-4607-5, (hereinafter referred to as the "Umbrella Policy"), naming One Stop as the insured, with effective dates from November 4, 2004 through November 4, 2005. A copy of the Umbrella Policy is attached hereto as Exhibit D, the terms and provisions of which are hereby incorporated by reference.

15. Business Policy I and Business Policy II state that State Farm "will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies," provided such bodily injury, property damage, personal injury or advertising injury is "caused by an **occurrence**".

16. The Umbrella Policy states: "If you are legally obligated to pay damages for: 1) **bodily injury**; 2) **personal injury**; 3) **property damage**; or 4) **advertising injury**, to which this insurance applies we will pay you **net** loss minus the **retained** limit ...", provided such bodily injury, property damage, personal injury or advertising injury is "caused by an **occurrence**".

17. All three policies further provide that the company has a right and/or duty to defend any claim or suit seeking damages payable under the respective policy.

18. Business Policy I and Business Policy II define "insured" to include "executive officers" and "employees", but state that "employees" are not insureds with respect to "**bodily injury** or **personal injury** to ... a fellow employee while in the course of his or her employment".

19. All three policies exclude coverage for "**bodily injury** or **property damage**" a) expected or intended from the standpoint of the insured; or b) to any person or property which is the result of willful and malicious acts of the insured".

20. Business Policy II excludes coverage for "**bodily injury** or **personal injury**:

   a) to an employee of the insured arising out of and in the course of employment ... or"

   b) arising out of any ...

   (3) coercion ... defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; or

   (4) consequential **bodily injury** or **personal injury** as a result of ... (3) above.

21. The Umbrella Policy and Business Policy I, as modified by their respective Virginia Amendatory Endorsements, state that its coverage is inapplicable "to **bodily injury** to any employee of the insured arising out of and in the course of their employment by the insured ...".

22. The Umbrella Policy excludes coverage for "discrimination", "humiliation", or "mental anguish or mental injury unless the **underlying insurance** provides coverage for the loss".

23. The Umbrella Policy states that it does not apply to "any employee with respect to ... injury to ... another employee of the same employer injured in the course of such employment, unless the **underlying insurance** provides coverage for the loss".

24. The Umbrella Policy states that it does not apply "to a claim for damages arising out of **bodily injury, personal injury** or **property damage** which any insured ... covered by this policy initiates, alleges, or causes to be brought against any other insured ... covered by this policy."

### Coverage for the Underlying Lawsuit

25. The Motion for Judgment does not allege that Salzman sustained "bodily injury", "property damage", "personal injury" or "advertising injury", as those terms are defined in each of the three policies, so that no policy provides coverage for the matters alleged in the Motion for Judgment.

26. The matters alleged in the Motion for Judgment do not constitute an "occurrence", as that term is defined in each policy, so that no policy applies to the matters alleged in the Motion for Judgment.

27. Newcomb is not an "insured" under Business Policy I or Business Policy II as he is not an "executive officer", and, although he was an employee at all relevant times, the alleged injuries to Salzman were sustained "in the course of ... her employment". Therefore, Newcomb is not entitled to coverage under those policies.

28. To the extent that the Motion for Judgment does allege that Salzman sustained a "bodily injury" or "property damage", such injury or damage was "expected or intended" by and/or were "the result of willful and malicious acts of" Newcomb so that coverage for such injuries or damage is excluded as to Newcomb under each policy.

29. To the extent that the Motion for Judgment alleges that Salzman sustained a "personal injury", such injury was sustained "by an employee of the insured arising out

of and in the course of employment" so that coverage for such injury or damage is excluded under the terms and provisions of Business Policy II.

30. To the extent that the Motion for Judgment alleges that Salzman sustained a "bodily injury", such injury was sustained "by an employee of the insured arising out of and in the course of employment" and coverage for such injury or damage is excluded under the terms and provisions of all three policies.

31. To the extent that the Motion for Judgment alleges that Salzman sustained a "bodily injury", or "personal injury", such injury "[arose] out of … coercion … harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions" and coverage for such injury or damage is excluded under Business Policy II

32. To the extent that the Motion for Judgment alleges that Salzman sustained a "bodily injury", "personal injury" or "property damage", coverage under the Commercial Umbrella Policy is rendered inapplicable by the following language: "Under Coverage L – business Liability, this insurance does not apply: … 24. to a claim for damages arising out of **bodily injury, personal injury** or **property damage** which any insured … covered by this policy initiates, alleges, or causes to be brought against any other insured … covered by this policy."

33. All of the injuries alleged in the Motion for Judgment constitute "discrimination", "humiliation" or "mental anguish or mental injury" which are not covered under Business Policy I and/or Business Policy II, and is therefore excluded under the Commercial Umbrella Policy.

34. There is an actual controversy between the plaintiff and the defendants as to whether coverage exists under Business Policy I, Business Policy II and/or the Umbrella Policy for the matters asserted in the pleading attached hereto as Exhibit A.

WHEREFORE, State Farm respectfully prays that this Court enter an order:

a. Declaring that State Farm owes no duties or obligations under Business Policy I, Business Policy II and/or the Umbrella Policy to Newcomb with respect to the above-referenced action brought against him by Salzman, including any duty to defend or indemnify Newcomb for the matters alleged in the Motion for Judgment attached hereto as Exhibit A.

b. Declaring that State Farm owes no duties or obligations under Business Policy I, Business Policy II and/or the Umbrella Policy to One Stop with respect to the above-referenced action brought against it by Salzman, including any duty to defend or indemnify One Stop for the matters alleged in the Motion for Judgment attached hereto as Exhibit A.

c. Declaring that State Farm owes no duties or obligations to Salzman, including any duty to make payments to her or to defend or indemnify Newcomb or One Stop for the matters alleged in the Motion for Judgment attached hereto as Exhibit A.

d. Awarding such other and further relief as the Court deems appropriate.

Respectfully Submitted,

By: _____
State Farm Fire and Casualty Company

Guy M. Harbert, III, Esq.
Gentry Locke Rakes & Moore
P.O. Box 40013
Roanoke, VA 24022
540/983-9300
Fax: 540/983-9400

Counsel for Plaintiff